IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2016 JUN -1 AM 11: 02

U.S. DISTRICT COURT
E.D.N.Y.

| | |
|---|---|
| HUI JIN LIN (A 200 738 728)<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>JEH JOHNSON, Secretary of U.S. Department of Homeland Security,<br><br>LEON RODRIGUEZ, Director of U. S. Citizenship and Immigration Services (USCIS),<br><br>DONALD NEUFELD, Associate Director of U.S. Citizenship and Immigration Services,<br><br>Defendants. | Civil Action<br><br>CV 16  2760<br><br>Case No.: _____<br><br>KUNTZ, J. |

## COMPLAINT

Plaintiff, Hui Jin LIN, by her attorney Theodore N. Cox, Esq., allege the following:

### NATURE OF THE ACTION

1. Plaintiff Hui Jin LIN brings this action to challenge the denial of her

-1-

I-730 petition on behalf of her husband, Yuan Chun LIN. Defendant United States Citizenship and Immigration Services ("USCIS") and the Defendants acting on behalf of USCIS denied Plaintiff's I-730 petition, concluding that she failed to demonstrate a spousal relationship from after the grant of asylum until present. Plaintiff seeks a declaration that the Defendants' decision violated the Administrative Procedure Act, 5 U.S.C. §§701 et seq, because USCIS's action was arbitrary and capricious, failing to properly apply the requirements of 8 C.F.R. §208.21. As a result of Defendants' improper acts, the Court should order Defendants to reopen and adjudicate Plaintiff's I-730 petition in conformity with 8 C.F.R. §208.21.

## PARTIES

2.  Plaintiff Hui Jin LIN (A200-738-728) is a native and citizen of the People's Republic of China. She was granted asylum in January 2013. She then filed an I-730 Refugee/Asylee Relative Petition on behalf of her husband, Yuan Chun LIN (A205-960-773).

3.  The United States Citizenship and Immigration Services is a bureau within the Department of Homeland Security ("DHS") and is responsible for the administration and enforcement of the Immigration and Nationality Act ("INA") and all other laws relating to the immigration and naturalization of non-citizens.

4. Defendant Jeh Johnson is the Secretary of DHS. The Secretary has "control, direction, and supervision of all employees and of all the files and records of the [Immigration] Service." 8 U.S.C. §1103(a)(2). Mr. Johnson is sued in his official capacity.

5. Defendant Leon Rodriguez is the Director of USCIS. The Director is delegated the "authority to administer and enforce the Immigration and Nationality Act and all other laws relating to immigration, naturalization, and nationality . . ." 8 C.F.R. §100.2(a). Mr. Rodriguez is sued in his official capacity.

6. Defendant Donald Neufeld is the duly appointed Associate Director was USCIS Service Center Operations. He oversees all activities at the four USCIS service centers. He is being sued in his official capacity.

## JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the Administrative Procedure Act, 5 U.S.C. § 702. *See Bowen v. Massachusetts*, 487 U.S. 879, 891 n16 (1988)("It is common ground that if review is proper under the APA, [there is] jurisdiction under 28 U.S.C. § 1331."). The Administrative Procedure Act provides a waiver of sovereign immunity as well as a cause of action.

## STANDING

8. The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' improper termination of Plaintiff's I-730 petition has adversely affected her by denying her husband the ability to obtain legal status in the United States. Plaintiff thus falls within the APA's standing provisions.

## VENUE

9. Venue is proper in this court pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the district where a plaintiff resides and no real property is involved in the action. Plaintiff resides at 805 63rd Street, Apt. 4, Brooklyn, New York 11220, within this court's district.

## FACTUAL ALLEGATIONS

10. Plaintiff married her husband, Yuan Chun LIN, on April 26, 1996 in China. Their son, Jian Wei LIN, was born on October 17, 1996 in Fujian, China. Plaintiff and her husband, Yuan Chun LIN, have now been married for over 20 years.

11. Plaintiff entered the United States as a non-immigrant without inspection on July 26, 2009.

12. Plaintiff filed an application for asylum and withholding of removal

("I-589") on or about May 27, 2010.

13. On January 15, 2013, an Immigration Judge in New York, NY granted Plaintiff's application for asylum (**Exhibit A**).

14. On or about February 15, 2013, Plaintiff filed an I-730 petition on behalf of her son, Jian Wei LIN.

15. On or about April 16, 2013, Plaintiff filed an I-730 petition on behalf of her husband, Yuan Chun LIN.

16. On April 10, 2015, Plaintiff filed an action for injunctive relief under the Mandamus and Venue Act, 28 U.S.C. §1361 and the Administrative Procedure Act, 5 U.S.C. §§551-59, 701-06, to compel the adjudication of her two I-730 actions (No. CV-15-1834 (ILG)).

17. On May 13, 2015, USCIS sent a Request for Evidence for Plaintiff's I-730 petition on behalf of her spouse Yuan Chun LIN. The Request stated: "[T]his evidence *may* consist of . . . the following: • Documentation showing joint ownership of property; • A lease showing joint tenancy of a common residence; • Documentation showing co-mingling of financial resources; • Birth certificates(s) of child(ren) born to you and the beneficiary; • Affidavits shown to or affirmed by third parties having personal knowledge of the bona fides of the prior marital relationship . . . • Any other documentation which is relevant to establish that there

is an ongoing marital relationship **(Exhibit B)**."

18.     The Request did not state that documentation showing joint ownership of property/co-mingling of financial resources or a lease showing joint tenancy were more probative than other evidence establishing a marital relationship.

19.     On July 8, 2015, Plaintiff submitted the following evidence to establish a marital relationship between herself and Yuan Chun LIN: 1) a copy of Plaintiff and Yuan Chun LIN's marriage certificate; 2) a copy of Plaintiff and Yuan Chun LIN's son's birth certificate; 3) a copy of Plaintiff and Yuan Chun LIN's household registration booklet in China; 4) a copy of a letter from Plaintiff's mother; 5) an affidavit from Plaintiff's older sister; 6) an affidavit from Plaintiff's younger sister; and 7) Plaintiff and Yuan Chun Lin's family photos.

20.     On July 16, 2015, USCIS denied Plaintiff's I-730 petition on behalf of her husband, Yuan Chun LIN, finding that "the petitioner did not submit any evidence to prove that he and the beneficiary have joined financial and other personal matters together during the 19 years of marriage" and "the affidavits from the petitioner's mother and two sisters are deficient on their face inasmuch as they fa[i]l to allege facts establishing that the marriage between the petitioner and the beneficiary is bona fide." USCIS's denial did not mention whether the other evidence provided established a marital relationship **(Exhibit C)**.

21. On August 11, 2015, Plaintiff filed an I-290B Motion to Reopen/Reconsider for the denial of her I-730 petition filed for her spouse, Yuan Chun LIN. The Motion included an affidavit from Plaintiff, explaining why Yuan Chun LIN is unable to provide documentary evidence of joined financial matters. Plaintiff and her husband, Yuan Chun LIN, live together at her sister's apartment. They pay Plaintiff's sister rent, but are not on the lease. Plaintiff's husband, Yuan Chun LIN, is undocumented, so he is not allowed to open a U.S. bank account, and thus, the couple does not have a joint bank account.

22. On October 24, 2015, USCIS approved Plaintiff's I-730 petition on behalf of her son, Jian Wei LIN.

23. On December 7, 2015, Plaintiff submitted her and her husband, Yuan Chun LIN's 2013 and 2014 Amended U.S. Individual Income Tax Returns.

24. On December 23, 2015, USCIS affirmed its prior denial of Plaintiff's I-730 petition on behalf of her husband, Yuan Chun LIN (**Exhibit D**). The decision again stated "[t]he petitioner did not submit any evidence to prove that he and the beneficiary have joined financial and other personal matters together from the time of the asylum grant to present," and "the affidavits from the petitioner's sisters, and mother did not provide sufficient probative information to establish that the petitioner continues to have spousal relationship." The decision also cited a

translation error and the lack of specified locations and dates of the photographs for USCIS's July 16, 2015 decision, although these reasons were not included in the original July 16, 2015 decision. The decision did not mention Plaintiff's affidavit.

## CAUSE OF ACTION

25. Plaintiff repeats, alleges, and incorporates the foregoing paragraphs as if fully set forth herein.

26. The Immigration and Nationality Act does not define a "spouse" or a "marriage," except to exclude a spouse, wife, or husband "by reason of any marriage ceremony where the contracting parties thereto are not physically present in the presence of each other, unless the marriage shall have been consummated." 8 U.S.C. § 1101(a)(35).

27. A spouse, as defined in 8 U.S.C. § 1101(a)(35), may be granted asylum if accompanying, or following to join, the principal alien who was granted asylum, unless it is determined that the spouse is ineligible for asylum under section 208(b)(2)(A)(i-v). 8 C.F.R. §208.21(a).

28. An asylee who files an I-730 petition must establish by a preponderance of the evidence that the person on whose behalf he or she files the I-730 petition is an eligible spouse. 8 C.F.R. §208.21(f).

29. "To establish the claimed relationship of spouse . . . as defined in section 101(a)(35) . . ., evidence must be submitted with the request as set forth in part 204 of this chapter." 8 C.F.R. 208.21(f). "*Where possible* this will consist of the documents specified in § 204.2 (a)(1)(i)(B), (a)(1)(iii)(B), (a)(2), (d)(2), and (d)(5) of this chapter." 8 C.F.R. 208.21(f)(emphasis added).

30. 8 C.F.R. § 204.2(a)(1)(i)(B) and (a)(1)(iii)(B) list the following documents: 1) documentation showing joint ownership of property; 2) a lease showing joint tenancy of a common residence; 3) documentation showing commingling of financial resources; 4) birth certificates of children both to the petitioner and prior spouse; 5) affidavits sworn to or affirmed by third parties having personal knowledge of the bona fides of the prior marital relationship . . . 6) any other documentation which is relevant to establish that the prior marriage was not entered into in order to evade the immigration laws of the United States.

31. 8 C.F.R. § 204.2(d)(2) and (d)(5) are not applicable here as they concern evidence submitted for a petition for a child.

32. Plaintiff has been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§701 et seq.

33. The documents Plaintiff submitted with her I-730 petition on behalf of Yuan Chun Lin, her husband, establish by a preponderance of the evidence that

Yuan Chun Lin is an eligible spouse under 8 U.S.C. § 1101(a)(35) and that a spousal relationship existed between him and Plaintiff at the time of the grant of asylum to the present.

34. Defendants denied Plaintiff's I-730 petition on behalf of her husband, Yuan Chun LIN, because they failed to properly interpret and apply the requirements of 8 C.F.R. §208.21. Defendants appear to have acted in bad faith in their denial of Plaintiff's I-730 petition reviewed after Plaintiff filed a mandamus action to compel adjudication of the I-730.

35. Defendants denial of Plaintiff's I-730 petition on behalf of her husband, Yuan Chun LIN is an "agency action" that is "arbitrary" or "capricious," thus violating the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

36. A reviewing court shall "hold unlawful and set aside" agency action found to be "arbitrary and capricious." 5 U.S.C. § 706(2)(A).

37. Plaintiff has exhausted all administrative remedies available to her as of right.

38. Plaintiff has no other recourse to judicial review other than by this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Declare Defendants' denial of Plaintiff's I-730 application on behalf of her husband to be arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. §§701 et seq;

B. Order Defendant USCIS to immediately reopen and adjudicate Plaintiff's I-730 application in conformance with 8 C.F.R. §208.21;

C. Grant attorneys' fees and costs pursuant 28 U.S.C. §2412, 28 U.S.C. §1920, Fed. R. Civ. P. 54(d) and other authority; and

D. Grant any other relief the Court deems appropriate and just.

Respectfully submitted,

This 1 day of June, 2016.

Theodore N. Cox, Esq.
325 Broadway, Suite 201
New York, NY 10007
Tel.: (212) 925-1208
Fax: (212) 925-5188
tedcoxecf@gmail.com